UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MADELINE JABBOUR </br>    Plaintiff | ) </br> ) </br> ) | CIVIL ACTION NO. |
| v. | ) </br> ) | |
| JJ MOTOR COMPANY Doing Business As </br> KEY HYUNDAI OF MILFORD </br>    Defendant. | ) </br> ) </br> ) </br> ) | May 6, 2025 </br></br> TRIAL BY JURY DEMANDED |

## COMPLAINT

### I. INTRODUCTION

This is a suit brought by a consumer against JJ Motor Company doing business as Key Hyundai of Milford (hereinafter, the "Defendant" or "JJ Motor"), for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") for obtaining the plaintiff's credit reports under false pretenses and using her credit reports without a proper purpose.

### II. PARTIES

1. Plaintiff, Madeline Jabbour ("Jabbour"), is an individual and a consumer residing in Watertown, Connecticut.

2. Defendant, JJ Motor, is a Connecticut corporation that operates a new and used car dealership in Milford, Connecticut that operates under the tradename Key Hyundai of Milford.

## III. JURISDICTION AND VENUE

3.  Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1681p.

4.  This Court has jurisdiction over JJ Motor because it is incorporated under the laws of Connecticut.

5.  Venue in this court is proper because the Plaintiff is a resident of Connecticut and claims involve a transaction that occurred in Connecticut.

## IV. FACTUAL ALLEGATIONS

1.  On or about December 30, 2024, Jabbour went to JJ Motor to test drive a Hyundai Kona she had seen advertised online.

2.  Jabbour explained to JJ Motor that she was not interested in purchasing any vehicles that day and that she was only there for a test drive and to see what kind of offers might be available.

3.  The JJ Motor salesperson told Jabbour that it was company policy that customers must provide private financial information, including social security number and employment information, before allowing any test drive.

4.  Jabbour was hesitant to provide the dealer with such sensitive information, repeating that she was not going to buy a vehicle that day. The JJ Motor salesperson assured her that this information was only being collected so that she could go on a test drive.

5.  After Jabbour provided the information to the JJ Motor salesperson, he gave her a form and pointed to where she should sign. She signed and then began

reading the form out loud, but the salesperson immediately pulled the document away from her.

6.     Jabbour test-drove a vehicle for about 15 minutes, informed JJ Motor that she was not interested in purchasing a vehicle at that time and left.

7.     Shortly after she arrived home, Jabbour noticed email alerts from Credit Karma that her credit reports had been subjected to multiple "hard pull" inquiries.

8.     Weeks later, she received multiple adverse action notices in the mail from creditors declining her application to finance a Hyundai Kona through JJ Motor for $33,765.  Jabbour never knowingly applied for financing and had not expressed any interest in either purchasing or financing a vehicle.

9.     Jabbour's Equifax, Experian, and Trans Union credit reports were hard pulled a combined 16 times on December 30, 2024, including JJ Motor directly pulling each of the three reports.

10.    These unauthorized credit inquiries have lowered Jabbour's credit score.

A.     **Count I: FAIR CREDIT REPORTING ACT**

11.    JJ Motor is a person as that term is defined by the FCRA, 15 U.S.C. § 1681a(b).

12.    JJ Motor obtained Jabbour's consumer credit reports under false pretenses or knowingly without a permissible purpose making it liable for her damages or statutory damages of $1,000, whichever is greater, plus punitive damages and a reasonable attorney's fee and costs pursuant to 15 U.S.C. § 1681n.

3

13. JJ Motor is liable to Jabbour for her damages or statutory damages of between $100 and $1,000, plus punitive damages and a reasonable attorney's fee and costs pursuant to 15 U.S.C. § 1681n its willful use of Jabbour's credit reports without a permissible purpose in violation of 15 U.S.C. § 1681b(f).

14. JJ Motor is liable to Jabbour for her damages and a reasonable attorney's fee pursuant to 15 U.S.C. § 1681o for its negligent use of Jabbour's credit reports without a permissible purpose in violation of 15 U.S.C. § 1681b(f).

**B.     Count II: Connecticut Unfair Trade Practices Act**

15. JJ Motor acted unfairly and deceptively in violation of Conn. Gen. Stat. § 42-110a *et seq.*

16. Jabbour has suffered an ascertainable loss of money as her credit score was adversely impacted by the unauthorized access to her credit.

17. JJ Motor is liable for damages, punitive damages, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g.

Wherefore, Plaintiff claims actual damages, statutory damages, punitive damages, attorney's fees and costs, and seeks an order for removal or correction of relevant hard inquiry notations on Plaintiff's credit reports.

<u>Plaintiff demands a trial by jury.</u>

                PLAINTIFF, MADELINE JABBOUR

By: <u>/s/ *Daniel S. Blinn*</u>
     Daniel S. Blinn (ct02128)
     Sebastian Korth (ct318418)
     Consumer Law Group, LLC
     35 Cold Spring Rd. Suite 512
     Rocky Hill, CT  06067
     Tel. (860) 571-0408
     Fax. (860) 571-7457
     dblinn@consumerlawgroup.com
     skorth@consumerlawgroup.com